UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>John C. Votta, Jr.</u>
<u>d/b/a/ Golden Auto, L.L.C.</u>

  v.             Civil No. 07-cv-246-JL

<u>Virginia Beecher, Director,</u>
<u>Department of Motor Vehicles,</u>
<u>New Hampshire Department of Safety</u>

### REPORT AND RECOMMENDATION

  Plaintiff, proceeding pro se, filed a complaint (document no. 1) that initially came before the Court for preliminary review. On November 14, 2007, a Report and Recommendation issued (document no. 7) recommending dismissal of the complaint because plaintiff, as a corporation, could not proceed pro se. That recommendation specified that the dismissal be without prejudice to the complaint being refiled by counsel admitted to the bar of this Court.

  Plaintiff has now filed a response (document no. 8) to the Report and Recommendation, as well as an amended complaint (document no. 9). In its response, plaintiff seeks to amend the complaint to recast the complaining party as an individual, rather than a corporate entity. The amended complaint, however,

belies this assertion.  The only amendment made, apparently, was to remove the "d/b/a Golden Auto, L.L.C." from the heading of the case.  The body of the amended complaint still identifies Votta as "d.b.a. Golden Auto."  The cause still alleges a deprivation of the rights of a business entity.

To the extent that Votta seeks to amend the complaint in his individual capacity, he cannot do so, as he is not, individually, a party to the above-numbered action.  See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. . . .").  Because Votta is not, in his individual capacity, a party to this action, he cannot sign a pleading for filing in this matter, and therefore cannot submit pleadings in this matter at all.  As plaintiff filed this action as a corporate entity, plaintiff may only file pleadings, including an amended complaint, under the signature of the attorney representing the corporate entity.  See id.; see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel.") (citing Osborn v. President of Bank of U.S., 9 Wheat. 738, 829

(1824)); <u>In re Victor Publishers, Inc.</u>, 545 F.2d 285, 286 (1st Cir. 1976); United States District Court District of New Hampshire Local Rule ("LR") 83.2(d) ("Persons who are not members of the bar of this court . . . will be allowed to appear before this court only on their own behalf."); LR 83.6(c) ("A corporation or unincorporated association may not appear in any action or proceeding pro se.").

In the response to the Report and Recommendation (document no. 8), Votta argues that he should be permitted, as of right, to file an amended complaint where defendant has not yet answered. While Fed. R. Civ. P. 15(a)(1) allows a *party* to amend its complaint once prior to answering as a matter of right, that rule does not extend that right to a nonparty.

I therefore recommend that this action be dismissed, without prejudice to an appropriate suit being filed by Votta individually, or to the refiling of this action by a corporate entity represented by counsel.  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14

(1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                                      _____
                                                     James R. Muirhead
                                                     United States Magistrate Judge

Date:     April 1, 2008

cc:       John C. Votta, Jr., d/b/a Golden Auto, L.L.C.